## Case No. 16,280.

### UNITED STATES v. SHOREY.

[9 Int. Rev. Rec. 201.]

Circuit Court, D. New Hampshire. May, 1869.

CRIMINAL LAW—DOUBLE PLEAS—DEMURRER.

S. was indicted for an offense against the tariff act of August 30, 1842 [5 Stat. 548], and pleaded the general issue, and also pleaded specially the statute of limitations, in the crimes act of April 30, 1790 [1 Stat. 112], in bar. *Held*, that double pleading was inadmissible, and the special plea would be stricken out. The defendant might withdraw his plea of not guilty, and demur to the indictment, with leave to plead over should the demurrer be overruled.

The indictment against the defendant [Alanson J. Shorey] is founded upon the 19th section of the act of the 30th of August, 1842, which provides that if any person shall * * * smuggle or clandestinely introduce into the United States any goods, wares or merchandise subject to duty by law, and which should have been invoiced, without paying or accounting for the duty, he shall be deemed guilty of a misdemeanor. Defendant appeared and pleaded the general issue that he was not guilty, and also pleaded especially that he was not guilty at any time within two years next before the finding or institution of the indictment. Allegation of the indictment is that the offence was committed on the 10th of October, 1865, more than two years before the indictment was found and filed in court. The district attorney demurred to the special plea, and the defendant joined in demurrer. Treason and certain other capital offences are defined by the crimes act of the 30th of April, 1790, and the 32d section of that act provides that no person or persons shall be prosecuted, tried, or punished for treason or other capital offence aforesaid, wilful murder or forgery excepted, unless the indictment for the same be found by a grand jury, within three years next after the treason or capital offence aforesaid shall be done or committed. Evidently that provision is limited to the crimes defined in that act, but the section further provides that no person shall "be prosecuted, tried or punished for any offence not capital, nor for any fine or forfeiture under any penal statute, unless the indictment or information shall be found or instituted within two years from the time of committing the offence, or incurring the fine or forfeiture aforesaid."

Before CLIFFORD, Circuit Justice, and CLARK, District Judge.

BY THE COURT. Argument for the defendant is that the indictment is barred by that provision, but there is a preliminary question to be decided before that proposition can be considered. Two pleas are pleaded by the defendant, and the first question is whether double pleading is allowable in criminal cases. No such objection was taken by the district attorney. but the question is one affecting the regularity of the proceedings in criminal cases in the federal courts, and cannot be allowed to pass without notice. Special matter which is in law a bar to an indictment, may in certain cases be so pleaded in misdemeanors, but the rule is well settled that the defendant cannot plead specially in bar of the indictment if he pleads the general issue, as double pleading is unknown in criminal procedure. 1 Starkie, Cr. Pl. 335; Heyrick v. Foster, 4 Term R. 701. Double pleading is not allowable, and if autrefois acquit be pleaded with not guilty, one of the pleas will be struck off. Reg. v. Strahan, 7 Cox, Cr. Cas. 85; 1 Am. Cr. Law (4th Ed.) § 530; State v. Copeland, 2 Swan, 626; Morgan v. Luckup, 2 Strange, 1044. At common law there was but one rule which applied alike to civil and criminal proceedings that the defendant must rely upon one ground of defence, and that double pleading was never to be admitted. 4 Bl. Comm. 332; 2 Hale, P. C. 236; Hawk. P. C. 32. Inconvenience, however, resulted from such strictness, and the rule was relaxed by St. 4 Anne, c. 16, §§ 4, 5, which enabled the defendant by leave of the court, to plead as many matters as he saw fit, but the statute contained a proviso that nothing contained therein should extend to any indictment or presentment of treason, felony, or murder, or any other matter, or to any action upon a penal statute. 1 Chit. Cr. Law, 434.

Injustice might be done to the defendant if the court should strike out the first plea, and decide the case upon the second, and in view of the circumstances the court decides to strike out the second plea, and allow the case to stand for trial, but the defendant, if he sees fit, may withdraw his plea of not guilty, and demur to the indictment, with leave to plead over if the demurrer is overruled.

[See Case No. 16,282.]